# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MAKUSHAMARI GOZO,

    Petitioner,

    v.

UNITED STATES,

    Respondent.

Criminal Case: JRR-02-390
(Civil Action No.:  JRR-24-1270)

## MEMORANDUM AND ORDER

On April 29, 2024, pro se Petitioner Makushamari Gozo filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 in the above-referenced criminal case.  ECF 66.  This Court directed the United States Attorney to respond to the Motion to Vacate.  ECF 68.  That response was filed on July 11, 2024, and asserts that the Motion has been filed outside of the limitations period and that Gozo is no longer in custody within the meaning of applicable law.  ECF 72.  Despite being granted additional time to file a reply, Gozo has filed nothing further in this case.  ECF 74.  For the reasons stated below, the Motion to Vacate shall be denied.

## BACKGROUND

On August 21, 2003, Gozo was indicted by a federal grand jury on six counts of bank fraud in violation of 18 U.S.C. § 1344; two counts of mail fraud in violation of 18 U.S.C. § 1341; and one count of wire fraud in violation of 18 U.S.C. § 1343.  ECF 72-2 (Superseding Indictment). The charges against Gozo alleged he had used other people's social security numbers to fraudulently obtain mortgage loans against real estate in the Baltimore area between May 1998 and August 2002, resulting in a loss of $1.5 million.  ECF 72-3 at 5.

On May 10, 2004, a bench trial on a superseding indictment began and after two days of trial, Gozo changed his plea to guilty on all counts.  ECF 72-4.  Pursuant to that agreement, Gozo was sentenced to serve 57 months of imprisonment followed by three years of supervised release.  ECF 72-5.  Gozo served his sentence and his supervised release terminated on November 18, 2009.

In his motion, Gozo claims that "in retrospect he took certain actions prior to trial an[d] during the time of the charged conduct, whereby this conduct deletes one or mor of the essential elements of the charged offense."  ECF 66 at 7.  He states that these "exculpatory facts can obviously not be revised and therefore his conviction is Constitutionally infirm, and wrong as a matter of law."  *Id*.  Specifically, Gozo states that he "took out mortgage insurance on the same mortgage loans in an amount equal to or greater than the amount of the mortgage loan amounts."  *Id*. at 8.  He claims that he "deliberately protected" all of the lenders involved in the mortgage fraud scheme initiated by him.  *Id*.

## STANDARD OF REVIEW

A Motion to Vacate pursuant to 28 U.S.C. § 2255 may only be filed by a person who is "in custody" on grounds that an imposed sentence "is in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  Additionally, a Motion to Vacate is subject to a one-year statute of limitation that runs from the latest of:

> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could
have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

## ANALYSIS

Gozo is no longer in custody and is therefore not entitled to relief from his expired sentence and supervised release by way of a Motion to Vacate.  His incantation of the term of art "actual innocence" does not change the analysis.  "'To be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." *Calderon v. Thompson,* 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).  New evidence may consist of "exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir.1999) (citation omitted).  The new evidence must be evaluated with any other admissible evidence of guilt. *Wilson v. Greene*, 155 F.3d 396, 404-405 (4th Cir.), *appl. for stay and cert. denied sub. nom. Wilson v. Taylor*, 525 U.S. 1012 (1998).  Further, new evidence must do more than undermine the finding of guilt; it must affirmatively demonstrate innocence. *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir.1999).  To invoke the actual innocence exception, a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327.

The "evidence" cited by Gozo is not new; it was available at the time of trial and, importantly, was known by him personally.  His hindsight analysis of what should have been presented at trial and the impact it might have had on the charges against him is not the equivalent of newly discovered evidence; nor is it exculpatory.  Accordingly, the Motion to Vacate shall be denied.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, 580 U.S. 100, 115 (2017). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because Gozo has not presented a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c)(2). Gozo may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

Accordingly, it is this 26th day of November 2024, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion to Vacate (ECF 66) IS DENIED;

2. A certificate of appealability SHALL NOT issue;

3. The Clerk SHALL PROVIDE a copy of this Memorandum and Order to Gozo and to counsel for Respondent; and

4. The Clerk SHALL CLOSE this civil case.

/S/

_____
Julie R. Rubin
United States District Judge